UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELINA M. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-019 |
| | ) | |
| HYUNDAI MOTOR GROUP METAPLANT, AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Angelina M. Fuller has filed a Complaint alleging that she was subjected to unlawful discrimination, on several bases, by her employer. *See generally* doc. 1. She also submitted an application to proceed *in forma pauperis*. Doc. 2. The Court previously explained that the financial information she disclosed is ambiguous and directed her to clarify it. *See generally* doc. 6. She has complied. *See* doc. 7. However, both because her supplemental application indicates, again, that she may not be indigent and because her financial disclosures are inconsistent, further clarification is necessary.

Fuller's supplemental application discloses that her average income for the past twelve months was $2,200 and her expected income next

1

month is $1,520. Doc. 7 at 1. The former amount is, broadly speaking, consistent with her original disclosure of income of approximately $500 per week. *See* doc. 2 at 1. However, it is unclear to the Court why her expected income should diminish so significantly, as she does not indicate any change in her employment. *Compare* doc. 2 at 1 (listing employer as "Amazon Warehouse"), *with* doc. 7 at 2 (listing employer as "Amazon"). Further, her supplemental application discloses that her gross pay is $3040.00 per month. *See* doc. 7 at 2. Why her expected income should diverge so much from that gross amount is also unclear.

    Finally, her disclosed expenses vary significantly between the two applications. She originally disclosed that her "rent" was $1,200 per month. *See* doc. 2 at 2. Her supplemental application discloses that she has a mortgage payment of $1,761.66 per month. *See* doc. 7 at 3. Even assuming that her reference to "rent" was merely colloquial, the difference in the amounts is unexplained. Her original application disclosed a "car note" of $560.00 per month. *Id.* at 2. Her supplemental application discloses a car payment of $695.00. Doc. 7 at 3. Her original application disclosed other expenses, including a "phone bill," "wifi bill," "gas bill," and "water bill," totaling $195. Doc. 2 at 2. Her supplemental

application discloses expenses including "light bill – water," of $500 per month, and other previously undisclosed expenses totaling approximately $1,375 per month. *See* doc. 7 at 4.

The discrepancies between Fuller's two applications notwithstanding, her supplemental application discloses that she has $330 in cash and $331.91 in a checking account. *See* doc. 7 at 2. Assuming, as she says, her income is sufficient "to cover [her] expenses and home bills," her cash and checking account contain sufficient funds to pay the required filing fee. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).

Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Given that Fuller discloses that she has sufficient funds to pay the filing fee, the Court might simply recommend that her application to proceed *in forma pauperis* be denied. However, given the considerable discrepancies between her two applications, the Court is concerned that it still does not have an accurate understanding of her financial situation. Fuller is, therefore, **DIRECTED** to file a second supplemental application to proceed IFP within fourteen days from the date of entry of this Order. The Clerk of Court is **DIRECTED** to include with this Order

a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Fuller is **DIRECTED** to file her second supplemental application again using this long form. In completing the supplemental application, she must answer every question to the best of her ability. If she lacks the requested information, she should reflect the lack of knowledge in her response and provide her best estimation of the requested amount. Finally, she must also explain the discrepancies between her two applications, discussed above, and any discrepancy between either of those applications and her second supplemental application. Failure to fully comply with this Order may result in a recommendation that Fuller's case be dismissed. *See* Fed. R. Civ. P. 41(b).

    **SO ORDERED,** this 13th day of February, 2025.

                                                                 _____
                                                                 CHRISTOPHER L. RAY
                                                                 UNITED STATES MAGISTRATE JUDGE
                                                                 SOUTHERN DISTRICT OF GEORGIA