IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELINA M. FULLER, <br><br> Plaintiff, <br><br> v. <br><br> HYUNDAI MOTOR GROUP METAPLANT, AMERICA, <br><br> Defendant. | CIVIL ACTION NO.: 4:25-cv-019 |

**O R D E R**

*Pro se* Plaintiff Angelina M. Fuller sued Defendant Hyundai Motor Group Metaplant, America ("HMGMA")[1] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), and under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), alleging that she was discriminated against because of her sex, gender, and age. (Doc. 1.) Presently before the Court is HMGMA's Motion to Dismiss. (Doc. 15.) HMGMA moves to

---

[1] Defendant's correct legal name is Hyundai Motor Group Metaplant, America, LLC. (Doc. 15, p. 1 n.1.) Because Defendant acknowledges that Plaintiff intended to assert a claim against it and because Defendant has been actively defending against this suit, the Court finds that no prejudice against Defendant has resulted and, thus, addresses Defendant's Motion. See, e.g., Transcon. Ins. Co. v. L.F. Staffing Servs., Inc., No. 07-80865-CIV-RYSKAMP/VITUNAC, 2008 WL 11333664, at *4 (S.D. Fla. Aug. 13, 2008) ("[W]hen a plaintiff has actually sued and served the correct party, but merely mistakenly used the wrong defendant's name, a mere misnomer exists and it may be disregarded where it is fairly certain that no prejudice has resulted to the defendant.") (citing United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 874 (4th Cir. 1947)).

dismiss the Complaint, arguing that Fuller failed to exhaust her administrative remedies before filing suit. (Id.) The Motion is fully briefed. (Id.; doc. 18.) For the reasons below, the Court **GRANTS IN PART** HMGMA's Motion. (Doc. 15.)

## BACKGROUND

According to the Complaint, Plaintiff Angelina M. Fuller began working at HMGMA in March 2024 as an administrative assistant and she was later reassigned as a quality control inspector. (Doc. 1, p. 1.) On June 27, 2024, HMGMA issued Plaintiff a Separation Notice stating that Plaintiff was terminated for alleged violations of the Workplace Threats and Violence Policy. (Id. at p. 2.) Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on October 16, 2024.[2] (Id.) The EEOC then issued Plaintiff a Right to Sue Letter authorizing her to pursue an action in federal court. (Id.)

Plaintiff sued HMGMA in this Court on January 27, 2025, alleging discrimination in violation of Title VII (Count I), hostile work environment in violation of Title VII (Count II), retaliation in violation of Title VII (Count III), wrongful termination (Count IV), and defamation (Count V). (Id.) Plaintiff claims she "experienced gender and age-based discrimination," and "was subjected to a pattern of discriminatory and retaliatory actions." (Id. at p. 1.) Plaintiff alleges

---

[2] Plaintiff's Complaint states that her Charge is attached as Exhibit A, although the Charge is not attached, and Plaintiff has not otherwise filed it with the Court. (See doc. 1.) HMGMA similarly referenced the Charge in support of its arguments in its Motion to Dismiss yet failed to attach it as an exhibit. (See doc. 15.) HMGMA then filed the Charge after the Court directed it to do so. (Doc 17; see doc. 17-1; doc. 16.) Without converting this Motion to Dismiss into a motion for summary judgment, the Court can consider the Charge's contents because Defendant contends Plaintiff has not exhausted administrative remedies and Plaintiff referred to the Charge in her Complaint. See Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 423–24 (11th Cir. 2010).

2

that she made complaints about workplace misconduct and discrimination, but her complaints were ignored or dismissed and she was then subjected to retaliation. (Id. at p. 2.) She alleges that her termination was based on "allegations of violence toward a coworker" that were "fabricated as pretext for discriminatory and retaliatory actions." (Id.)

HMGMA filed the at-issue Motion to Dismiss arguing that Plaintiff failed to exhaust her administrative remedies. (Doc. 15.) Plaintiff filed a Response. (Doc. 18.)

## DISCUSSION

I.   **Exhaustion of Administrative Remedies**

A plaintiff may not sue under Title VII or the ADEA unless she first exhausts her available administrative remedies. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). "[T]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Lambert v. Ala. Dep't. of Youth Servs., 150 F. App'x 990, 994 (11th Cir. 2005) (quoting Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004)). In order to exhaust her administrative remedies, an aggrieved employee must file a timely charge of discrimination with the EEOC and receive a right-to-sue letter. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); see also Minix v. Jeld-Wen, Inc., 237 F. App'x 578, 588 (11th Cir. 2007) (per curiam) (noting that a proper EEOC charge is "a prerequisite to suit"). Generally, "[i]n a 'non-deferral' state, such as Georgia, the plaintiff must file a charge of discrimination with the EEOC within 180 days after the date of the alleged discriminatory act."

Coley v. Shaw Indus., Inc., No. 21-10545, 2021 WL 4429818, at *1 (11th Cir. Sept. 27, 2021) (citing 29 C.F.R. § 1626.7(a) and Wilkerson, 270 F.3d at 1317); see also Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003); Underwood v. Apple Inc., No. CV 120-136, 2022 WL 193725, at *3 (S.D. Ga. Jan. 20, 2022) ("Title VII, the ADEA, and the ADA each bar claims not filed within 180 days after the alleged unlawful employment practice took place."). Additionally, a charge with the EEOC must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). This includes the names of the parties and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3).

A motion to dismiss is properly granted when the plaintiff failed to raise the challenged claims to the EEOC in a formal charge of discrimination. Lambert, 150 F. App'x at 994. "A plaintiff's judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 993 (internal quotations and citation and omitted). However, the Eleventh Circuit Court of Appeals has noted that, because courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII,] . . . the scope of an EEOC complaint should not be strictly interpreted." Gregory, 355 F.3d at 1280 (internal quotations and citation and omitted). Additionally, "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." Id. at 1279–80 (internal quotations and citation and omitted); see also Lopez v. Hendrick Auto. Grp., No. 1:18-CV-05920-JPB, 2022 WL 20667667, at *2 (N.D. Ga. Feb. 10, 2022).

4

Plaintiff filed her Charge with the EEOC on October 16, 2024.  (Doc. 1, p. 2; see doc. 17-1.)  In the Charge, she alleged that she inquired about the paperwork she would need for her next promotion and, two days later, she was "terminated for violating company policies." (Doc. 17-1, p. 1.)  Plaintiff stated that she believes that her "termination was pretextual, [that she] was terminated because [her] performance intimidated leadership," and that she "was discriminated against because of [her] race (African American), in violation of [Title VII]."  (Id.)  Plaintiff's Charge did not include allegations of sex, gender, or age-based discrimination, or wrongful termination based on fabricated allegations.  (See id.)  Plaintiff's Complaint does not include allegations of racial discrimination.  (See doc. 1.)

Defendant argues that Plaintiff failed to exhaust administrative remedies because the claims alleged in her Complaint do not appear in her Charge.[3]  (Doc. 15, pp. 4–6; see also docs. 1 & 17-1.)  The Court agrees.  Plaintiff's claims to the EEOC that she was terminated because her performance intimidated leadership and that she was discriminated against because of her race would not reasonably lead the EEOC to investigate whether Plaintiff suffered discrimination because of her sex, gender, or age.  See Lambert, 150 F. App'x at 994.  Plaintiff's allegations in the Complaint do not clarify, amplify, or more clearly focus the allegations in the original Charge, but rather are allegations of new acts of discrimination.  See id.; Bolden v. S. A. B. E., No. 6:15-

---

[3] Plaintiff does not attempt to refute HMGMA's argument that she failed to include allegations of gender and age-based discrimination in her Charge.  (See generally doc. 18.)  As such, Plaintiff has effectively abandoned any contention that she included such allegations in her Charge.  See Jeanniton v. Costco Wholesale Corp., No. 25-cv-22557-BLOOM/Elfenbein, 2025 WL 2694768, at *6 n.4 (S.D. Fla. Sept. 22, 2025) (citing Ramsey v. Bd. of Regents of Univ. Sys. of Georgia, No. 1:11-CV-3862-JOF-JSA, 2013 WL 1222492, at *29 (N.D. Ga. Jan. 30, 2013) ("When a party fails to address a specific claim, or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned.")).

cv-84, 2016 WL 4030243, at *2 (S.D. Ga. July 23, 2016) (granting defendant's motion to dismiss for failure to exhaust administrative remedies for plaintiff's race and age discrimination claims because the claims were not included in the EEOC charge and were not related to and did not grow out of the allegations in the EEOC charge). There is no evidence in the record that Plaintiff raised these claims to the EEOC in a formal charge of discrimination; thus, Plaintiff failed to exhaust her remedies before filing suit. See Lambert, 150 F. App'x at 994; Smalls v. Landmark Hosps., No. 4:19-cv-00343, 2020 WL 13980319, at *3 (S.D. Ga. July 7, 2020) (citing Gregory, 355 F.3d at 1279–80) (finding that plaintiff could not raise an age discrimination claim before the court that was not raised in her charge to the EEOC). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to Counts I, II, III, and IV. (Doc. 15.)

## II.     Plaintiff's Defamation Claim (Count V)

District courts have original jurisdiction over cases presenting a federal question and civil actions where diversity jurisdiction exists. 28 U.S.C. §§ 1331–32. Plaintiff brought Counts I, II, III, and IV under federal law (Title VII and the ADEA) but, in Count V, Plaintiff asserts a defamation claim arising under state law and which does not fall within the purview of Title VII or the ADEA. (Doc. 1.) In Count V, Plaintiff alleges that "Defendant's false accusations of violence against Plaintiff were published to third parties and harmed Plaintiff's reputation, causing emotional distress and financial loss." (Id. at p. 2.) Although defamation falls outside the scope of Title VII and the ADEA, district courts have "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, Section 1367(c)(3) states that "[t]he

6

district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Because the Court has dismissed all federal claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law defamation claim. See 28 U.S.C. § 1367(c)(3); see also Silas v. Sheriff of Broward Cnty., 55 F.4th 863, 866 (11th Cir. 2022) (citations omitted) (typically, "concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed"); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Without supplemental jurisdiction, the Court must determine whether it has subject matter jurisdiction over Count V, the remaining state law claim. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted) (when it appears that subject matter jurisdiction may be lacking, "a federal court must inquire *sua sponte* into the issue"). "To have jurisdiction over a state law . . . defamation claim[], a district court must have jurisdiction pursuant to a specific statutory grant or diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Brown v. Corker, No. 1:23-cv-014, 2023 WL 11938208, at *1 (S.D. Ga. Feb. 17, 2023) (citing Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). Relevant to this case, diversity jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826

F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)).

Plaintiff invokes no federal law or statutory grant of jurisdiction over her defamation claim. (See doc. 1.)  While she alleges that she resides in Savannah, Georgia, this is insufficient to allege her citizenship for purposes of establishing diversity jurisdiction.  See Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1149–50 (11th Cir. 2021) ("Residency is necessary, but insufficient, to establish citizenship in a state."); Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.").  She likewise fails to sufficiently allege that Defendant is a citizen of another state to establish diversity.  (See doc. 1, p. 1.)  She alleges that Defendant is a "corporation located at 1500 Genesis Dr., Ellabell, GA 31308" and that it "operates a manufacturing facility in Savannah, Georgia." (Id.)  According to its name, however, HMGMA is a limited liability company ("LLC").  (See doc. 15, p. 1 n.1.)  For diversity purposes, an LLC is a citizen of every state in which each of its members are citizens. See Carden v. Arkoma Assocs., 494 U.S. 185, 187–88 (1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  To sufficiently allege the citizenship of an LLC, a party must list the citizenships of all the members of the LLC.  Rolling Greens, 374 F.3d at 1022.

As to the amount in controversy, in the Complaint, Plaintiff alleges "compensatory damages in the amount of $10,000,000 for emotional distress, lost wages, and reputational harm," and "punitive damages in the amount of $15,000,000 to deter Defendant's discriminatory and retaliatory conduct," along with the "costs of litigation, including reasonable attorney's fees." (Doc. 1, p. 3.)  "Ordinarily, a plaintiff need only plead an amount sufficient to satisfy the amount-

in-controversy requirement in good faith." Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018). The plaintiff's good-faith pleading will be second guessed only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "However, when the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." Id. (citing Federated Mut. Ins. Co., v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)). Because the Court has dismissed Plaintiff's federal claims, it is unclear whether the amount in controversy specific to Plaintiff's remaining defamation claim exceeds the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332. See id.

As the party invoking the Court's jurisdiction, Plaintiff bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties and the amount in controversy. See Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017). Accordingly, if Plaintiff believes the Court has diversity jurisdiction to hear her remaining state law defamation claim, she must provide the necessary proof as described above. If she declines or fails to do so, the Court will dismiss the defamation claim without prejudice.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** HMGMA's Motion to Dismiss as to Counts I, II, III, and IV. (Doc. 15.) The Court withholds ruling with regard to Count V. The Court further **DIRECTS** Plaintiff to **SHOW CAUSE** in a written filing, within **TWENTY-ONE (21) days** from the date of this Order, as to why the Court should not dismiss the remaining claim (Count V)

without prejudice for lack of subject matter jurisdiction. Accordingly, if Plaintiff believes the Court has diversity jurisdiction over her remaining claim, she must provide the necessary information about citizenship and amount in controversy, as discussed above. If, however, she does not believe that the Court has subject matter jurisdiction over the remaining claim, she should state that in her filing. Should Defendant desire to respond in any way to Plaintiff's filing, such response shall be filed within **TEN (10) DAYS** from the date Plaintiff makes her filing.

    **SO ORDERED**, this 23rd day of January, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA